UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joe E. Shoals, Jr.,                                                      Case No. 03-6556 (DSD/SRN)
          Plaintiff,

v.                                                                                      **REPORT AND RECOMMENDATION**

Jo Anne B. Barnhart,
Commissioner of Social Security,

          Defendant.

---

Dennis L. Peterson, Esq., for Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, for the Government.

---

**THIS MATTER** comes before the undersigned United States Magistrate Judge on Plaintiff Joe E. Shoals' Motion for Attorney's Fees (Doc. No. 20) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,008.14.  Plaintiff contends that he is entitled to an award of attorneys' fees under the EAJA because he is the prevailing party in this case, and because the Commissioner's position was not substantially justified.  Defendant does not dispute the fact that Plaintiff is the prevailing party, nor does Defendant dispute the amount or rate of Plaintiff's requested fees.  Rather, Defendant opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified.  This Court recommends that Plaintiff's motion for attorney's fees and expenses under the EAJA be granted.

## II.  PROCEDURAL HISTORY

Plaintiff applied for Social Security Benefits ("SSI") and Disability Insurance Benefits ("DIB") on

June 25, 2001, alleging he became disabled on November 21, 1997. The Social Security Administration denied the application both initially and upon reconsideration. Plaintiff timely filed a request for a hearing, which was held before Administrative Law Judge ("ALJ") Diane Townsend-Anderson on December 3, 2002. On April 3, 2002, the ALJ determined that Plaintiff was not entitled to SSI or DIB and denied his application. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on November 10, 2003.

On December 30, 2003, Plaintiff filed a Complaint with the District Court of Minnesota seeking judicial review of the final decision of the Commissioner denying his application. (Doc. No. 1). On October 1, 2004, this Court issued a Report and Recommendation (Doc. No. 13), recommending that the decision of the Commissioner be reversed and the case remanded for further administrative proceedings. This Court determined that the case needed to be remanded because the record was substantially incomplete in significant ways. Specifically, this Court found that the record (1) did not support the ALJ's decision to discount Plaintiff's subjective complaints, (2) did not support the ALJ's decision to discount the opinions of Plaintiff's treating physicians, and (3) lacked sufficient evidence to support any finding regarding the severity of side effects from Plaintiff's medications. (Report and Recommendation, at 12-16, (Doc. No. 13)). As a result, this Court determined that the ALJ's hypothetical questions to the vocational expert "did not necessarily reflect the full extent of Shoals' impairments." (Id., at 16).

On February 16, 2005, United States District Court Judge David S. Doty adopted this Court's Report and Recommendation in part and remanded the matter for further administrative proceedings in accordance with the Report and Recommendation. (Doc. No. 17). The court agreed that the record did not support the ALJ's decision to discount Plaintiff's subjective complaints and lacked sufficient evidence

to support any finding regarding the severity of side effects from Plaintiff's medications. (Order, at 5-11, (Doc. No. 17)). The court, however, only partially agreed that the record did not support the ALJ's decision to discount the opinions of Plaintiff's treating physicians. (Id., at 12-13). Specifically, the court did not adopt this Court's recommendation as to the ALJ's consideration of Dr. Dahl's opinions, but agreed with this Court's finding that the ALJ failed to provide sufficient reasons to discount the opinions of Dr. Strike. (Id.). Plaintiff now requests an award of attorneys fees and expenses under EAJA, 28 U.S.C. § 2412. (Doc. No. 20).

### III. DISCUSSION OF LAW

#### A. Legal Standard for Fees under the EAJA

28 U.S.C. § 2412(d)(1)(A) of EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA also sets forth requirements for requesting an award of costs and fees:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). The Government bears the burden of proving that the Commissioner's position was substantially justified at both the administrative and litigation levels. See 28 U.S.C. §

2412(d)(2)(D); Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988). Furthermore, "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id. The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted. Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).

"Party" under the EAJA means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. See 28 U.S.C. § 2412(d)(2)(B). Attorney's fees requested under this section may not exceed the rate of $125.00 per hour unless the court determines that an increase in the cost of living justifies a higher fee. See 28 U.S.C. § 2412(d)(2)(A). "Work done by paralegals is compensable if it is work that would have been done by an attorney. If such hours were not compensable, then attorneys may be compelled to perform the duties that could otherwise be fulfilled by paralegals, thereby increasing the overall cost of legal services." Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993) (citing Jean v. Nelson, 863 F.2d 759, 778 (11th Cir.1988), aff'd, 496 U.S. 154 (1990)). However, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).[1]

The Commissioner does not dispute that Plaintiff was a "prevailing party" within the meaning of the

---

[1] "The rationale for concluding that clerical tasks are non-compensable under the EAJA, is that they are regarded as 'overhead costs,'" Sersen v. Barnhart, Civ. No. 02-1278 PAM/SRN, at 4 (D. Minn. May 2, 2005) (citing Knudsen v. Barnhart, No. C02-4108, 2004 WL 3240489, at *12 (N.D. Iowa Dec. 23, 2004)), because billing separately for such clerical services is not "the prevailing practice in the local community." Jenkins, 491 U.S. at 287 n.9.

statute. The determination of whether Plaintiff is entitled to a fee award under the EAJA depends upon whether or not the Commissioner's position was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003). The Secretary bears the burden of proving the denial of benefits was "substantially justified." Id.; Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). To establish substantial justification, the defendant must show that the denial of benefits had a reasonable basis in law and fact. Welter, 941 F.2d at 676 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees. Pierce, 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case. Iowa Express Distribution, Inc. v. NLRB, 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees should not be awarded simply because the Commissioner loses the case. Welter, 941 F.2d at 676. The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. Id.; Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. Welter, 941 F.2d at 676. As the Eighth Circuit explained:

> [u]nder the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

Id. (internal citations omitted). Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. Id.

### B. The Parties' Positions

Plaintiff Shoals argues that the position of the Commissioner was not substantially justified because the ALJ wrongly rejected the opinions of the treating doctors, improperly discounted Plaintiff's subjective complaints, and failed to fully and fairly develop the record regarding the potentially severe side effects of Plaintiff's medications. As a result, the hypothetical presented to the vocational expert, and the resulting RFC did not necessarily include all of Plaintiff's limitations. Plaintiff argues that, because the matter was reversed and remanded for further development based on these reasons, the Commissioner's position is not substantially justified.

Defendant argues that the Commissioner's position was substantially justified because the district court found that substantial evidence supported the ALJ's decision to give less weight to the opinion of Dr. Dahl, and the Commissioner's findings on which the court decided to remand the case were well grounded in law and fact. Specifically, Defendant argues that the ALJ's RFC finding incorporated many of the limitations set forth in Dr. Strike's opinion and the ALJ's review of Plaintiff's subjective complaints and inconsistencies in Plaintiff's statements was consistent with the applicable law and regulations. Defendant does not dispute the fact that Plaintiff is the prevailing party, nor does Defendant dispute the amount or rate of Plaintiff's requested fees.

### C. The Court's Recommendation

The ALJ has an affirmative duty to develop the record in a disability benefits case. Mitchell v.

Bowen, 827 F.2d 387, 389 (8th Cir. 1987). "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . ." Sims v. Apfel, 530 U.S. 103, 111 (2000). Where the ALJ fails to fully develop the record, the Commissioner's position in denying benefits is not substantially justified. Fraction v. Bowen, 859 F.2d 574, 575 (8th Cir. 1988). Not ensuring an adequate factual basis for a decision is considered unreasonable and renders that decision not substantially justified. Sutton v. Charter, 944 F.Supp 638, 643-645 (N.D.Ill. 1996) (ALJ's failure to develop the record to support his decision to deny benefits meant the decision did not have a reasonable basis in fact and, thus, was not substantially justified.).

In this case, the Court recommends that Plaintiff's motion for fees under the EAJA be granted. First, Plaintiff was a prevailing party for purposes of the EAJA despite the fact that the Court remanded the matter for further administrative proceedings at which Plaintiff might ultimately lose on the merits. See Shalala, 509 U.S. at 300-01.

Second, the Court finds that the Commissioner's position was not substantially justified. In this case, the district court found that several significant errors occurred at the administrative level and remanded the case for the following reasons: (1) the ALJ failed to provide sufficient reason to discount the opinion of treating physician Dr. Strike; (2) the ALJ improperly discounted Plaintiff's subjective complaints; and (3) the ALJ failed to fully and fairly develop the record regarding the potentially severe side effects of Plaintiff's medications. As a result, the ALJ's hypothetical and RFC did not necessarily incorporate Plaintiff's relevant limitations.

The Government bears the burden to show its denial of benefits was substantially justified, see Jackson, 807 F.2d at 128, but this Court finds it has not met this burden. A failure to fully develop the

7

record renders the Commissioner's position not substantially justified. That the District Court agreed with portions of the ALJ's findings does not cure the ALJ's failure to otherwise fulfill his duty to develop the record or adequately explain his findings. This Court finds that, as the record was not fully developed and the ALJ failed to adequately explain his findings, there was no reasonable basis in law and fact for the Commissioner's position that Plaintiff was not entitled to benefits. Therefore, the Government's position was not substantially justified and Plaintiff should be awarded fees and costs under the EAJA.

Third, this Court finds that the $144.66 per hour rate for attorney services is reasonable in light of the increase in the cost of living since the enactment of the $125.00 statutory rate guideline set in 1996. See eg. Kelly v. Bowen, 862 F.2d 1333, 1336 (8th Cir. 1988).

Fourth, Plaintiff's counsel represents that the compensable hours expended in this case amount to 37.8 hours. This Court finds that the number of hours Plaintiff's counsel spent representing Plaintiff, as well as preparing the EAJA application and reply, is reasonable. See Kelly, 862 F.2d at 1334 (time spent preparing EAJA application is compensable).

Finally, Plaintiff's counsel seeks reimbursement for 7.2 hours spent by his paralegal staff in connection with representing Plaintiff in this case at the rate of $75 per hour for a total of $540.00. This Court finds that both the time spent and the rate for paralegal services are reasonable and should be included in the EAJA award.

Accordingly, this Court recommends that Plaintiff's motion for fees under the EAJA be granted. Plaintiff should receive reasonable attorney's fees in the amount of $5,468.14, plus $540.00, for a total EAJA award of $6,008.14.

## IV. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Attorney's Fees and Expenses (Doc. No. 20) pursuant to the EAJA, 28 U.S.C. § 2412(d), be **GRANTED**; and

2. The Government be ordered to pay Plaintiff's counsel $6,008.14 in fees and costs.


DATED: February 23, 2006                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 8, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.